830

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BETTY LOU NEFF, Defendant-Appellant.

(No. 70-175;

Fifth District—June 4, 1971.

Robert J. Hillebrand, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Betty Lou Neff, pleaded guilty to the offense of attempting to obtain a depressant or stimulant drug by use of a forged prescription in violation of ch. 111½, sec. 807(d)(3), Illinois Revised Statutes. She was sentenced to Dwight State Reformatory for Women for a term of one year and her application for probation was denied. She now appeals solely from the order denying her application for probation.

At defendant's probation hearing she stated that she was 32 years of age and a resident of East St. Louis; that she is separated from her husband and does not know his present whereabouts; that she lives alone and for some time has been unemployed and on public aid; that she has no close relatives who are interested in her and that her brothers and sisters will not let her in their homes. Though she had never been convicted of a crime previously, she admitted that she had stolen the blank prescription form from a doctor's office to obtain the drugs in question, and that she had done this on a number of other occasions for the same purpose. She has had a history of psychiatric problems associated with depression and has been in Alton State Hospital 23 times. Just prior to the hearing she had taken part in group therapy treatments at the local Mental Health facility, but had skipped one out of the three scheduled meetings.

Sections 117—1(a)(1)—(3), ch. 38, Illinois Revised Statutes provide that a person who has been found guilty of any offense except a capital offense, sale of narcotics, or rape, is eligible for probation when it appears the applicant is not likely to commit another offense, that the public interest does not require incarceration, and that rehabilitation does not require incarceration. Defendant argues that she is a proper subject for probation in that she did not commit any offense in the eight months since her arrest, nor was she likely to in the future, and that neither the public interest nor her own rehabilitation require incarceration. She cites *People v. McClendon,* 265 N.E.2d 207, as authority for her position and as indicative of the efficacy of probation as a tool for correction. Of course, we reiterate our position that probation is desirable where warranted by the facts of the individual case, but the circumstances existing in the *McClendon* case are totally different from those presently before us. There we were considering a 29 year old mother of three young children for whose support she was wholly responsible. She was a registered nurse and was employed as such at a salary of $600 per month at the time of her hearing. Except for the isolated offense of which she was convicted her record was unblemished and neither the public interest nor her own rehabilitation required incarceration; nor, in view of her sincere repentance, was she likely to repeat her offense.

In contrast with these facts the defendant here readily admitted that she had committed the same offense on previous occasions, though she had not been apprehended. Obviously, she has been unable to live productively in her community; she has been unemployed, a burden to society, and alienated from her own family, all because of problems which she sought to alleviate through the use of drugs acquired one way or another. She agreed to try group therapy at a Mental Health facility but not so faithfully as to indicate a sincere desire to continue. With this background it was not an abuse of discretion on the part of the trial court to deny defendant's application for probation.

The judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

G. MORAN and JONES, JJ., concur.